Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel VIII

| | | |
|---|---|---|
| ORLANDO SUÁREZ VELÁZQUEZ<br>Apelante<br><br>v.<br><br>MARÍA TERESA RIVERA MEDINA, JOSÉ MANUEL RIVERA MEDINA, CELI SOCORRO RIVERA MEDINA, LUZ DELIA RIVERA MEDINA, ÁNGEL FERNANDO RIVERA MEDINA, MARCELO RIVERA MEDINA y PACO FERNANDO PÉREZ MEDINA<br>Apelados | KLAN202400970 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Caso Núm. SA2023CV00368<br><br>Sobre: Cumplimiento Específico de Contrato e Inscripción en Registro de la Propiedad conforme el Art. 183 de la Ley Hipotecaria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 24 de enero de 2025.

Comparece el señor Orlando Suárez Velázquez (señor Suárez Velázquez o apelante), mediante recurso de *apelación*, solicitando que revoquemos una *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, (TPI), el 23 de septiembre de 2024. Mediante el referido dictamen, el foro primario desestimó sin perjuicio la *Demanda* instada por el apelante, al determinar que: (1) había transcurrido el término de ciento veinte (120) días para emplazar, según dispuesto en la Regla 4.3(c) de Procedimiento Civil, *infra*, sin que ello se hubiese efectuado; (2) faltaba parte indispensable.

Examinados los asuntos alzados, cabe *confirmar* la *Sentencia* apelada.

NÚMERO IDENTIFICADOR

SEN2025_____

## I. Resumen del tracto procesal

El apelante presentó una *Demanda* contra los codemandados de epígrafe el 20 de noviembre de 2023, aduciendo que les había comprado la participación que estos ostentaban sobre cierto inmueble. Sobre ello, aseveró ya haberles pagado por el acuerdo aludido, pero, por causa del paso del huracán María, no se pudo otorgar la escritura de compraventa correspondiente, aunque estaba preparada, luego de lo cual varios de los apelados *desaparecieron*. Por tanto, solicitó como remedio que se diera por perfeccionada la presunta escritura de compraventa, y se ordenase su inscripción en el Registro de la Propiedad.

A tenor, el 13 de diciembre de 2023, la Secretaría el Tribunal expidió los emplazamientos correspondientes a seis (6) de los apelados y, el 17 de enero de 2024, el de otra de las codemandadas.

No obstante, el 23 de enero de 2024, el apelante presentó una *Moción Solicitando Emplazamiento por Edictos*. Como fundamento para dicha petición adujo no haber logrado emplazar personalmente a cuatro (4) de los siete (7) codemandados, a saber: Marcelo Rivera Medina, Luz Delia Rivera Medina, Ángel Fernando Rivera Medina y José Manuel Rivera Medina.[1] Además, incluyó una declaración jurada suscrita por su emplazador, en el que este afirmó: desconocer el paradero de dichos demandados y; **haber ido a las direcciones donde se supone estaban ubicados**, pero que nadie indicó conocerlos ni saber de su paradero. Además, el emplazador describió otras gestiones presuntamente realizadas para lograr emplazar a los codemandados, pero con resultado infructuoso.

En respuesta, el 25 de enero de 2024, el TPI declaró *Con Lugar* la petición para emplazar por edicto, dictando *Orden* al efecto. En lo

---

[1] Los codemandados que el apelante logró emplazar personalmente fueron los siguientes: Paco Fernando Pérez Medina, Celi Socorro Rivera Medina y María Teresa Rivera Medina.

pertinente a la controversia ante nosotros cabe resaltar que en dicha *Orden* el foro primario dispuso que: "dentro del término de diez (10) días siguientes a la publicación del edicto, la parte demandante dirigirá a la parte demandada por correo certificado y con acuse de recibo, una copia de la *Demanda* y del *Emplazamiento* **a su última dirección conocida**".[2] (Énfasis provisto). A los pocos días, el 30 de enero de 2024, ese mismo foro expidió los emplazamientos por edicto de Marcelo, Luz Delia y José Manuel, todos de apellidos Rivera Medina, y el 1 de febrero de 2024, el de Ángel Fernando Rivera Medina, bajo iguales términos.

Luego de esto, el 4 de abril de 2024, el apelante presentó una *Moción Informativa y en Solicitud de que se Dicte Sentencia por las Alegaciones*. Tal como indicado en el título de esta *Moción*, el apelante solicitó la anotación de la rebeldía de tres de los codemandados cuyo emplazamiento fue autorizado mediante edicto, aduciendo que había pasado el término para que estos contestaran la *Demanda*, sin que lo hubiese hecho, y que desconocía de sus paraderos. Con ello incluyó una declaración jurada del emplazador afirmando desconocer el paradero de dichos codemandados,[3] y aludiendo a cierta información para establecer que habían fallecido.

A raíz de ello, el 15 de abril de 2024, el TPI emitió una *Resolución* declarando *No Ha Lugar* la *Moción Informativa y en Solicitud de que se Dicte Sentencia por las Alegaciones*. Ordenó, además, que el apelante proveyera copia del ejemplar del edicto publicado, y de los correos certificados con sus acuses de recibo enviados a las últimas direcciones conocidas de los codemandados aludidos, a tenor con la Regla 4.7 de Procedimiento Civil, *infra*.

Ante lo cual, el señor Suárez Velázquez presentó una *Moción en Cumplimiento de Orden*, aduciendo no haber enviado cartas con acuse de

---

[2] Apéndice del recurso de apelación, pág. 36.
[3] Los codemandados aludidos eran los hermanos Marcelo, José y Luz Delia, todos de apellido Rivera Medina.

recibo a los codemandados no emplazados, pues desconocía sus respectivos paraderos, según había hecho constar en la declaración jurada que acompañó con la solicitud de emplazamiento por edicto. Informó, además, que los hermanos de los referidos codemandados informaron del fallecimiento de estos. A partir de esto último, sostuvo que el foro primario estaba en posición de permitir una enmienda al emplazamiento, a fines de eximirle del requisito de notificar del envío del edicto por correo certificado, con copia de la demanda y el emplazamiento, a la última dirección conocida, según lo permitía la Regla 4.6 de Procedimiento Civil, *infra.*

El 3 de mayo de 2024, el foro primario declaró *No Ha Lugar* la referida *Moción en cumplimiento de orden,* advirtiendo que los ejemplares de edictos publicados, según fueron presentados por el apelante ante el Tribunal, no eran legibles, por lo que le concedía un término de cinco (5) días para presentar los legibles. En lo que nos concierne, el TPI también llamó la atención del apelante a que la *Orden* autorizando los emplazamientos mediante edicto **requería que, en el término de diez (10), se cumpliera con notificar a los demandados con copia del edicto y de la demanda a su última dirección conocida**. Añadió el mismo foro que **al apelante no se le había eximido de tal requisito, (notificar copia del edicto y demanda a la última dirección conocida), pues la declaración jurada que dio lugar a la autorización del emplazamiento por edicto no estableció que el emplazador realizara las diligencias para localizar una última dirección de dichos demandados**. Finalmente, al apelante se le concedió un término de cinco (5) días para cumplir con lo requerido, so pena de la desestimación de la *Demanda,* bajo la Regla 4.3(c) de Procedimiento Civil, *infra.*

El 19 de mayo de 2024, el apelante presentó una *Moción en Cumplimiento de Orden y Reconsideración.* En lo pertinente, adujo que en la declaración jurada en la que se fundamentó la expedición de los

emplazamientos por edicto surgía con claridad que el paradero de los demandados se desconocía, y una de las hermanas de estos que vivía, declaró bajo juramento que dichos codemandados habían muerto. Por tanto, juzgaba que cabía autorizar la enmienda al emplazamiento mediante edicto, según lo autorizaba la Regla 4.8 de Procedimiento Civil, *infra,* que citó.

Mediante *Orden* del 24 de mayo de 2024*,* el foro primario declaró *No Ha Lugar* la *Moción* que precede.

Con todo, el 31 de julio de 2024, el apelante sometió una *Moción en Cumplimiento de Orden y Otros Extremos.* En el primer inciso de esta petición fue señalado lo siguiente: *en el presente caso se emitió una* (suponemos que *Orden*[4]*)* para que el apelante presentara una declaración jurada por parte del emplazador, que contuviera las gestiones de este para lograr emplazar a los codemandados, por desconocer su paradero. En consecuencia, en el inciso segundo de la misma *Moción* fue indicado que se estaba acompañado tal declaración jurada, con el propósito de que se expidiera el emplazamiento por edicto de los hermanos Luz Delia, José, Marcelo y Ángel, todos de apellidos Rivera Medina. A partir de ello, el apelante solicitó que se le eximiera del requisito de notificar el emplazamiento a la última dirección conocida de los codemandados mencionados.

Es así como, el 25 de septiembre de 2024, el TPI emitió la *Sentencia* cuya revocación nos solicita el apelante. Como adelantamos en el párrafo introductorio, mediante dicho dictamen el foro apelado desestimó la *Demanda* presentada por el apelante, sin perjuicio, por dos razones: (1) por haber transcurrido el término de ciento veinte (120) días sin que se

---

[4] La oración de este inciso está incompleta, no mencionó propiamente una *Orden*, pero es lo único que podemos deducir al dar lectura integrada de la oración. Tampoco se precisa fecha de la referida *Orden*. Ver el inciso primero de la referida *Moción*, según surge de la entrada Núm. 39 en SUMAC.

hubiera emplazado a los codemandados por edicto; (2) por falta de parte indispensable.

Abundando sobre lo dispuesto en la *Sentencia* apelada, en lo relativo al fundamento para desestimar por el paso del término de ciento veinte (120) días sin cumplir correctamente con el emplazamiento mediante edicto, el foro primario dejó consignado que, al momento en que el apelante solicitó el emplazamiento mediante edictos, **no** solicitó que se le eximiera de notificarles a los codemandados, dentro de los diez (10) días siguientes a la publicación del edicto, copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo, a su última dirección conocida, según lo requiere la Regla 4.6(a) de Procedimiento Civil, *infra.* Además, en el mismo dictamen se resaltó que, en la declaración jurada que sirvió para autorizar el emplazamiento por edicto, se adujo que el emplazador *acudió a las direcciones donde se suponen estuvieran ubicados los codemandados*, y de aquí que en la *Orden* emitida se requiriera el cumplimiento con la notificación a los codemandados del edicto a sus direcciones. En definitiva, el TPI concluyó que el término de ciento veinte días para emplazar a los referidos codemandados inició el 30 de enero de 2024 y 1 de febrero de 2024, fecha en que fueron expedidos por la Secretaría del Tribunal los emplazamientos por edictos a ser diligenciados, y concluyó el 29 y 31 de mayo de 2024, sin haberse cumplido con los requerimientos dispuestos para ello.

En lo referente a la desestimación por ausencia de parte indispensable, el foro primario concluyó que cuando el apelante conoció que los codemandados Marcelo, Luz Delia, Ángel Fernando y José Manuel, todos de apellidos Rivera Medina, habían fallecido, **debió enmendar la *Demanda* a fin de sustituirlos por sus herederos, como partes indispensables en este pleito, pero no lo hizo**.

Inconforme, el apelante presentó una *Moción de Reconsideración,* que fue declarada *No Ha Lugar.*

En desacuerdo con el curso decisorio descrito, el señor Suárez Velázquez acude ante nosotros mediante recurso de *apelación,* señalando la comisión de los siguientes errores:

1. Erró el Tribunal de Primera Instancia al determinar que la dilación en atender una Moción Solicitando Nuevos Emplazamientos por falta de diligencia del Tribunal es atribuible al demandante.

2. Erró el Tribunal al determinar que se tenía que demandar a los herederos de los muertos.

3. Erró el Tribunal al determinar que el caso era bajo el Art. 182 de la Ley Hipotecaria.

## II. Exposición de Derecho

a.

La jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó,* 194 DPR 96, 103 (2015); *Horizon Media v. Jta. Revisora, RA Holdings,* 191 DPR 228, 233 (2014). Tanto los foros de instancia, como los apelativos, tienen el deber de analizar de forma prioritaria si poseen jurisdicción para atender las controversias presentadas ante su consideración, puesto que los tribunales estamos llamados a ser fieles guardianes de nuestra jurisdicción, incluso cuando ninguna de las partes invoque tal defecto. *Ruiz Camilo v. Trafon Group, Inc.,* supra, en la pág. 268; *Horizon Media v. Jta. Revisora, RA Holdings,* supra*; Shell Chemical v. Srio. Hacienda,* 187 DPR 109, 122-123 (2012).

Lo anterior responde a que las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. El Tribunal Supremo ha añadido que evaluar los aspectos jurisdiccionales es parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group,*

*Inc.,* supra*; Mun. San Sebastián v. QMC Telecom, O.G.P.*, 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana*, 172 DPR 1, 7 (2007). De aquí que, si determinamos que no tenemos jurisdicción sobre un recurso o sobre una controversia determinada, debemos así declararlo y proceder a desestimarlo, pues, no tenemos discreción para asumir jurisdicción donde no la hay. *Mun. San Sebastián v. QMC, supra; Yumac Home v. Empresas Massó,* supra.

b.

Dentro del análisis jurisdiccional de una controversia, los tribunales tienen que considerar si tiene el poder o la autoridad para sujetar a una persona a una decisión obligatoria declarando sus respectivos derechos y obligaciones; esto es lo que se conoce jurídicamente como jurisdicción *in personam. Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 702 (2012). Un tribunal adquiere la jurisdicción sobre la persona del demandado de dos maneras: mediante el uso adecuado de las normas procesales de emplazamiento provistas en las Reglas de Procedimiento Civil y, a través de la sumisión voluntaria del demandado a la jurisdicción del tribunal, lo que puede ser de forma explícita o tácita. *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018); *Cirino González v. Adm. de Corrección*, 190 DPR 14, 29 (2014); *Márquez v. Barreto*, 143 DPR 137, 143 (1997).

El alto Foro ha expresado que *[e]l concepto de jurisdicción in personam, está inextricablemente atado al debido proceso de ley. Torres Zayas v. Montano Gómez,* 199 DPR 458, 467 (2017); *Reyes v. Oriental Fed. Savs. Bank,* 133 DPR 15, 21 (1993). Esto es así pues el emplazamiento tiene como propósito principal *notificar a la parte demandada que existe una acción judicial en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor. Torres Zayas*

*v. Montano Gómez,* supra; *Bonilla Ramos v. Dávila Medina,* 185 DPR 667, 682 (2012); *Banco Popular v. S.L.G. Negrón,* 164 DPR 855, 863 (2005).

El emplazamiento es el mecanismo procesal mediante el cual se le notifica al demandado de la existencia de una reclamación instada en su contra y se le requiere que comparezca para que formule alegación responsiva. Es mediante el debido diligenciamiento del emplazamiento que el tribunal adquiere jurisdicción sobre la persona para resolver un asunto. *Cancel Rivera v. González Ruiz,* 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez,* 199 DPR 458, 467 (2017); *Global v. Salaam,* 164 DPR 474, 480 (2005). En consonancia, no es hasta que se diligencie el emplazamiento que se adquiere jurisdicción, y la persona puede ser considerada propiamente parte, pues, aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento solo es parte nominal. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 5ta ed., Lexis Nexis, 2010, pág. 220. *Torres Zayas v. Montano Gómez,* supra*; Sánchez Rivera v. Malavé Rivera,* 192 DPR 854 (2015).

Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R.4. La inobservancia de dichos requisitos priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano,* supra, en la pág. 467; *Datiz Vélez v. Hospital Episcopal,* 163 DPR 10, 15 (2004). Por tanto, tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374 (2000).

Como norma general, expedido el emplazamiento, debe ser diligenciado juntamente con la demanda personalmente *ya sea mediante su entrega física a la parte demandada, o haciéndola accesible en su*

*inmediata presencia.* Regla 4.4 de Procedimiento Civil, 32 LPRA Ap. V, R.4.4. No obstante, cuando la entrega personal no puede efectuarse porque la persona a ser emplazada está fuera de Puerto Rico o, entre otros, es una corporación extranjera sin agente residente, las Reglas 4.3 (4) y 4.6 de Procedimiento Civil, por excepción, establecen como alternativa el emplazamiento por edicto. Reglas 4.3 (4) y 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (4) y 4.6. Para que el tribunal ordene el emplazamiento mediante edicto, el demandado instará una moción acompañada por una declaración jurada, conocida como el afidávit de méritos, acreditando a satisfacción del tribunal las diligencias realizadas para emplazar personalmente al demandado o que se manifiesta uno de los casos provistos por la Regla 4.6 de Procedimiento Civil de 2009, *supra.* R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 269.

Entonces, una vez expedido el emplazamiento, será diligenciado en el término de ciento veinte (120) días, a partir de la presentación de la demanda **o de la fecha de expedición del emplazamiento por edicto**. **Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio**. Una subsiguiente desestimación y archivo por incumplimiento con el término antes dispuesto tendrá el efecto de una adjudicación en los méritos. Regla 4.3 (c) de las de Procedimiento Civil, supra. En *Bernier González v. Rodríguez Becerra,* el Tribunal Supremo aclaró que el término de ciento vente (120) días establecido en la citada regla **es improrrogable y comienza a transcurrir únicamente en el momento que la Secretaría del tribunal expide los emplazamientos, ya sea que tal expedición ocurra *motu proprio* o ante una solicitud de la parte demandante**. (Énfasis provisto). *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 649

(2018). En *Sánchez Ruiz v. Higuera Pérez*, el máximo foro también distinguió los casos en que el demandante solicita emplazar por edicto. Sobre estos explicó:

> ...[L]a Regla 4.3 (c), dispone que el término para emplazar por edictos comienza a transcurrir cuando el tribunal lo expide. La parte demandante tiene que solicitar su expedición antes de que se termine el término para diligenciar el emplazamiento personal. Así, pues, una vez se intenta emplazar personalmente a un demandado sin éxito y se solicita dentro del plazo de ciento veinte días emplazarlo por edictos, tras acreditar las diligencias realizadas para citarlo personalmente, **comienza un nuevo término improrrogable de ciento veinte días para emplazar por edictos, una vez se expida el correspondiente emplazamiento**. Como explicamos, esto se debe a que el emplazamiento por edicto constituye un nuevo emplazamiento, distinto al emplazamiento personal que se expide automáticamente con la presentación de la demanda. *Sánchez Ruiz v. Higuera Pérez,* 203 DPR 982, 994 (2020).

Por su parte, la Regla 4.6 de Procedimiento Civil precisa el procedimiento a seguir cuando la parte demandante se proponga a emplazar por edicto. En lo pertinente, allí se dispone lo siguiente:

> (a)    Cuando la persona a ser emplazada esté fuera de Puerto Rico, que estando en Puerto Rico no pueda ser localizada después de realizadas las diligencias pertinentes o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias, y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

> La orden dispondrá que la publicación se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. **La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida** [...]. (Énfasis suplido.) Regla 4.6 (a) de Procedimiento Civil, 32 LPRA Ap. V. R. 4.6 (a).

Por último, cabe reiterar que "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical

por imperativo constitucional". *Torres Zayas v. Montano Gómez,* 185 DPR 667, 682 (2012), citando a J. Echevarría Vargas, *Procedimiento Civil Puertorriqueño,* 2012, pág. 56.

c.

La Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R.16.1, establece que en un pleito deben acumularse las personas que tengan un interés común "sin cuya presencia no pueda adjudicarse la controversia". De esta manera la citada regla alude a lo que se conoce como una parte indispensable, que se puede definir como aquella, de la cual no se puede prescindir y cuyo interés en la cuestión es de tal magnitud, que no puede dictarse un decreto final entre las otras partes sin lesionar y afectar radicalmente sus derechos, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. *González v. Adm. Corrección,* 190 DPR 14, 46 (2014); *García Colón v. Sucn. González,* 178 DPR 527, 548 (2010). En ausencia de una parte indispensable el tribunal carece de jurisdicción, y su omisión constituye una violación al debido proceso de ley. *Romero v. SLG Reyes,* 164 DPR 721, 733 (2005).

Una vez se determina que una persona es parte indispensable en un litigio y que está ausente en el pleito, la acción debe ser desestimada sin perjuicio, es decir, que no tendrá el efecto de una adjudicación en los méritos con efecto de cosa juzgada. *Colón Negrón et al. v. Mun. Bayamón,* 192 DPR 499, 511 (2015); *Romero v. S.L.G. Reyes, supra,* págs. 733-734.

**III. Aplicación del Derecho a los hechos**

a.

Nos resulta necesario disponer de un asunto de manera expedita, relacionado con los señalamientos de error identificados como segundo (2) y tercero (3). Para propósitos de la discusión de tales errores, en su recurso de apelación el señor Suárez Velázquez nos *refirió* a que *veamos* la *Moción*

*de reconsideración* que instó ante el TPI.[5] Por causa de tal *referido*, el apelante **no** incluyó en el recurso de apelación ante nosotros discusión de derecho alguna sobre dichos señalamientos de errores, y pretendió depender por entero para ese propósito de lo que esgrimió en la *Moción de reconsideración* que presentó ante el TPI. Al así actuar el apelante, incidió, y su omisión nos priva de considerar los señalamientos de errores no discutidos en el recurso de apelación.

Es norma básica de Derecho apelativo que todo escrito presentado ante este Tribunal de Apelaciones *ha de señalar, **discutir y fundamentar el error o los errores que se le imputan al foro apelado o recurrido**.* (Énfasis provisto). *Ortiz v. Holsum*, 190 DPR 511, 526 (2014); *Morán v. Martí*, 165 DPR 356, 366 (2005). Los tribunales apelativos debemos resolver solamente los asuntos que se nos plantean en los recursos que tengamos bajo nuestra consideración. *Íd.* Es decir, solamente mediante un señalamiento de error y una discusión fundamentada, con referencia a los hechos y las fuentes de derecho en que se sustenta, podrá el foro apelativo estar en posición de atender los reclamos que se le plantean. *Íd.*

Por otra parte, en cuanto al contenido de la apelación, la Regla 53.2(a)(7) de Procedimiento Civil, 32 L.P.R.A. Ap. III, indica específicamente que "contendrá ***señalamientos y discusión de los errores*** que a juicio del apelante cometió el tribunal apelado". (Énfasis provisto). Ello es así, pues la propia regla reconoce que "[e]l escrito de apelación constituirá el alegato del apelante. ***No se considerará ningún señalamiento de error omitido o no discutido en el escrito de apelación***". (Énfasis provisto). Regla 53.2(b) de Procedimiento Civil, 32 L.P.R.A. Ap. III. Por lo tanto, nuestro ordenamiento procesal apelativo exige que la apelación presentada contenga una discusión de los errores que se le imputan al foro primario, pues no se habrá de admitir alegato o

---

[5] Recurso de *apelación*, pág. 5.

memorando de autoridades con posterioridad a la presentación del escrito de apelación. Hace claro también la regla de que el señalamiento de error omitido o no discutido se tendrá por no puesto, por lo que no se considerará por el foro apelativo intermedio. *Morán v. Martí*, supra, págs. 365-366.

El mismo principio está recogido en la Regla 16 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, donde se describe el contenido del escrito de apelación en casos civiles. El inciso (C) de dicha regla describe específicamente el contenido del cuerpo de la apelación. La Regla 16(C), en sus subincisos (e) y (f), exige que el escrito presentado contenga lo siguiente:

> (e) Un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia.
> (f) **Una discusión de los errores señalados, incluyendo las disposiciones de ley y la jurisprudencia aplicables**. (Énfasis provisto). 4 L.P.R.A. Ap. XXII-B.

Tal cual lo hace la Regla 53.2(b) de Procedimiento Civil citada, la Regla 16(C)(2) del Reglamento del Tribunal de Apelaciones dispone lo siguiente:

> El escrito de apelación será el alegato de la parte apelante. No se permitirá la presentación de un alegato o memorando de autoridades por separado. ***La argumentación y los fundamentos de derecho deberán incluirse en el cuerpo del escrito de apelación.*** (Énfasis provisto). 4 L.P.R.A. Ap. XXII-B.

La normativa *ordena* de forma clara y precisa que el escrito de apelación civil presentado ante el Tribunal de Apelaciones *señale, discuta y fundamente* el error o los errores que se le imputan al foro de instancia. De lo contrario, **el tribunal estará impedido de considerar el señalamiento de error planteado**. (Énfasis provisto). *Morán v. Martí*, supra, págs. 365-366.

Considerado el derecho expuesto, y visto que en el recurso de apelación presentado no se incluyó una discusión de derecho sobre los señalamientos de error segundo y tercero, estamos impedidos de

considerarlos, solo correspondiendo la confirmación de la determinación apelada al respecto.

Es de verse que lo decidido tiene el efecto de disponer de la totalidad del recurso ante nosotros, por cuanto el segundo señalamiento de error versaba sobre un asunto jurisdiccional, la desestimación de la *Demanda* por falta de parte indispensable, es decir, los herederos de los codemandados que presuntamente fallecieron. En tanto no tenemos ante nosotros alguna argumentación en contra de dicha determinación, la única avenida que nos dejó el apelante fue la de confirmar la desestimación ordenada, lo que produce la desestimación de la causa de acción sin más.

b.

Con todo, y por cuanto en el primer error señalado también se aludió a un asunto jurisdiccional, (el requisito de emplazar mediante edicto de manera cabal, dentro del término de ciento veinte días), le prestaremos breve atención.[6]

El señor Suárez Velázquez afirma que el incumplimiento con el término para emplazar que se le imputa fue el resultado de una dilación administrativa, atribuible al cambio de juez en el caso, lo que dio lugar a que no se atendiera su solicitud para enmendar el emplazamiento mediante edicto. No tiene razón, según detallamos en el recuento procesal, todas las mociones sobre el emplazamiento por edicto que presentó el apelante **dentro del término de ciento veinte (120) días**, fueron debidamente atendidas por el TPI, y resueltas en su contra, (salvo la inicial en la que se acogió su solicitud para emplazar mediante edicto, declarándose *Ha Lugar*). Del apelante haber estado inconforme con algunas de las determinaciones interlocutorias emitidas por el Tribunal

---

[6] Valga apuntar que el apelante tampoco arguyó propiamente dicho error en la sección del recurso de apelación que correspondía, (la de la discusión de los errores señalados), sino que lo hizo al hacer el recuento procesal acontecido en el foro primario.

antes de que se cumpliera el referido término de ciento veinte (120) días, el señor Suárez Velázquez tenía a su disposición instrumentos procesales para acudir ante este Tribunal de Apelaciones y revisarlas, mediante el recurso de *certiorari*, pero no lo hizo. Entonces, examinada la única moción presentada que no fue atendida, la *Moción de Orden y Otros Extremos*, resulta evidente que fue instada **cuando ya había expirado el término de ciento veinte (120) días**, el 31 de julio de 2024, momento procesal en el cual el TPI estaba impedido de considerarla.

Sobre lo anterior, y tal como lo determinó el foro apelado, los emplazamientos por edicto de Marcelo, Luz Delia y José Manuel, todos de apellidos Rivera Medina, fueron expedidos el 30 de enero de 2024, mientras que el emplazamiento de Ángel Fernando fue expedido el 1 de febrero de 2024. Por tanto, **el término de 120 días para emplazarlos expiró el 29 de mayo de 2024, y el 30 de mayo de 2024, respectivamente**. Sin embargo, repetimos, la referida *Moción de Orden y Otros Extremos*, única que no fue atendida, fue instada de manera inoportuna, el 31 de julio de 2024, por lo que el TPI estaba impedido de prorrogar dicho término. *Bernier González v. Rodríguez Becerra*, supra, pág. 649. Ante ello, al TPI le correspondía una sola vía de acción, emitir sentencia decretando la desestimación y archivo sin perjuicio de la *Demanda*, tal como lo hizo.

## IV. Parte dispositiva

Por los fundamentos antes expuestos, los que hacemos formar parte de este dictamen, *confirmamos* la *Sentencia* apelada.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones